PER CURIAM
? granted. Viewing the known facts objectively, and applying the *383 proper approach to the determination of whether the facts demonstrate reasonable suspicion to justify a stop and frisk, as set forth by the Supreme Court in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), we find the district court abused its discretion in granting the defendants’ motions to suppress evidence. First, upon seeing two men sitting in the parking lot of a closed service station, one of whom met the description of the perpetrator of a home invasion that had occurred minutes before and a few blocks away, the officers aeted reasonably in approaching the defendant and his co-defendant Fletcher, who matched the description given by the victim of the home invasion. Second, for the same reasons, the officers acted reasonably in questioning Fletcher as to his identity and what he was doing in that location. Third, the officers were similarly acting reasonably when they also questioned the defendant as a possible accomplice, because he was found with Fletcher in the immediate vicinity of the home invasion, even though only one perpetrator was described by the victim. Fourth, the officers had reasonable articulable suspicion to conduct a pat-down of Fletcher, whom the officers observed reaching into his jacket pocket where a weapon could Rbe easily concealed. When a loaded weapon was retrieved from Fletcher’s person, the officers then had articulable reasons to suspect the defendant, as a possible accomplice of Fletcher, could also be armed and dangerous; therefore, the officers acted reasonably in commencing a pat-down of the defendant, who then admitted to also possessing a weapon. In sum, under the totality of the articulable facts, as well as the specific reasonable inferences therefrom, available at the moment of the stop, the officers were justified in temporarily detaining the men to inquire of their identities and their reasons for being at that location. The officers were also justified in conducting the subsequent frisk for weapons, because a reasonably prudent person in such circumstances would have been warranted in the belief that one’s safety or that of others was in danger. Accordingly, the trial court’s rulings on the motions to suppress are reversed, and the matter is remanded to that court for further proceedings.
REVERSED AND REMANDED.
JOHNSON, C.J. would deny the writ application.
Hughes, J., would deny the writ.
GENOVESE, J., would deny.